UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>James A. Garner<br><br>                                Debtor. | Bankruptcy Case<br>No. 21-40407-JMM |
|---|---|
| Beverly Gout,<br><br>                                Plaintiff,<br><br>vs.<br><br>James A. Garner,<br><br>                                Defendant. | Adv. Proceeding<br>No. 21-08028-JMM |

MEMORANDUM OF DECISION

**Appearances:**

    Aaron Tolson, Idaho Falls, Idaho, Attorney for Plaintiff.

    Dylan Anderson, Rexburg, Idaho, Attorney for Defendant.

*Introduction*

Beverly Gout ("Plaintiff") commenced this adversary proceeding on September 9, 2021. Doc. No. 1.[1] The debtor, James Garner ("Defendant") filed an answer on October

---

[1] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION − 1

8, 2021. Doc. No. 5. The trial was held on June 15, 2022, and the parties provided oral closing arguments. Doc. Nos. 11 & 12. At trial, Plaintiff voluntarily withdrew Count Four of her complaint, which sought recovery of funds under §§ 523(a)(5) and (a)(15). At the conclusion of trial, the Court dismissed Count Three of Plaintiff's complaint, which sought recovery of funds under § 523(a)(4). The Court took under advisement Counts One and Two, which seek recovery of funds under §§ 523(a)(2)(A) and 523(a)(2)(B), respectively. Having now considered the testimony, exhibits, applicable law, and the parties' arguments, the Court makes the following findings of fact and conclusions of law. Rules 7052; 9014.

*Facts*

Plaintiff and Defendant (collectively, the "Parties") were long-time domestic partners and had two children together. On May 10, 2004, Defendant executed a promissory note for $13,000 at 3% interest in favor of Plaintiff, which Defendant used to purchase trucks and other items used in Defendant's business.

Beginning around 2006, soon after their second child was born, Defendant began promising Plaintiff that he would marry her if she would loan him more and more money. Between 2007 and 2012, Plaintiff would frequently loan Defendant money, which Plaintiff estimates, including the original $13,000 loan, to total approximately $36,000. Most of the money Plaintiff loaned Defendant came from a college savings account she had started for their two children. Plaintiff was under the impression that Defendant would use the money to fund his business or buy equipment. Plaintiff testified that she

MEMORANDUM OF DECISION − 2

would not have loaned the money from the college savings account if she knew Defendant was not going to pay it back. In other words, she sincerely believed it would be paid back.

While residing together, Plaintiff worked hard to support her children and Defendant. In fact, Plaintiff also had to pay for her children's daycare while she worked even when Defendant was out of work because he refused to help her with his own children. When Defendant would fall far behind in required child support payments,[2] Plaintiff would essentially "write-off" the past due amount by telling the State of Idaho that Defendant had paid the requisite amount.

The Plaintiff and the Defendant agreed to purchase a house in Rexburg, Idaho. Both parties contributed various sums towards the purchase of the home. Defendant used the net proceeds from the sale of his existing home as a down payment but was not able obtain financing to purchase the Rexburg house due to his bad credit. Plaintiff agreed to obtain a loan from Wells Fargo Bank ("Wells Fargo") to be secured by the Rexburg house. The sale closed, the Rexburg house was titled in the Plaintiff's name, and she was the sole obligor on the Wells Fargo indebtedness.

Shortly after moving into the Rexburg house together, and after Plaintiff had loaned the money, Defendant told Plaintiff he would never marry her, and Plaintiff left

---

[2] Based on the testimony, Defendant was required by the state to pay child support for the Parties' minor children even though they had an ongoing relationship. Because of this relationship, Plaintiff would report to the State of Idaho that Defendant had paid his child support when in fact he had not, and the State of Idaho would credit this amount.

MEMORANDUM OF DECISION – 3

the Rexburg house. Thereafter in 2014, litigation ensued when Plaintiff sued the Defendant and Wells Fargo[3] in the Idaho District Court in Madison County, Idaho[4] (Ex. 114) (hereafter "State Court Suit") alleging breach of contract, unjust enrichment and partition of the Rexburg house. The suit concerned not only the money lent by Plaintiff to Defendant but also the disputes over maintaining the Rexburg house, payments to Wells Fargo and equity in the Rexburg house. Thereafter in the State Court Suit a receiver was appointed to sell the Rexburg house; the parties engaged in multiple contested hearings over the sale of the Rexburg house, cooperation regarding that sale, a motion for reconsideration and a motion to remove Defendant from the Rexburg house. (Exs. 104–11). Ultimately the Rexburg house was sold, Wells Fargo was paid, and the parties agreed to resolve the remaining issues by a written stipulation filed in the State Court Suit. Both agreed that Plaintiff was entitled to a monetary judgment of $27,500, that each would pay their own attorneys fees and costs, and that all remaining issues were resolved. (Ex 103). Based on that filed stipulation, the court in the State Court Suit entered Judgment in favor of Plaintiff for $27,500 on January 22, 2015. Ex. 102.

Thereafter the Plaintiff renewed the Judgment in the State Court Suit, and including accrued interest, the renewed judgment was entered on September 30, 2019 for

---

[3] While Wells Fargo was named as a defendant in the State Court Suit, the record is silent about its participation in the litigation. Ultimately it was paid from the proceeds of the sale of the Rexburg house.

[4] The lawsuit is filed In the District Court of the Seventh Judicial District of the State of Idaho in and for the County of Madison, Case No. CV-14-82.

MEMORANDUM OF DECISION − 4

$34,077.00 (Ex. 115). Plaintiff then commenced collection on the renewed judgment. A writ of execution was issued on October 22, 2020 (Ex. 116) and Defendant filed a Chapter 7 petition on July 7, 2021. Plaintiff commenced this adversary proceeding on September 9, 2021 seeking to have the debt owed to her declared nondischargeable under various Code sections.

### *Arguments*

While Plaintiff seeks a monetary judgment in the amount of $36,760.18, essentially she is asking this Court to recognize that her claim memorialized in the renewed judgment, together with interest accrued thereon, should be declared to be nondischargeable for various reasons. Following Plaintiff's withdrawal of Count Four and the Court's dismissal of Count Three, Plaintiffs remaining cause of action implicates §§ 523(a)(2)(A) and (B). In response, Defendant argues that Plaintiff loaned money to Defendant before any of the alleged misrepresentations even occurred, barring any recovery for a false representation, false pretenses, or actual fraud.

### *Analysis and Disposition*

The operative statutes, §§ 523(a)(2)(A) and (B), provide that an individual debtor will not be discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > (B) use of a statement in writing—
> > > (i) that is materially false;
> > > (ii) respecting the debtor's or an insider's financial condition;

MEMORANDUM OF DECISION − 5

> > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > (iv) that the debtor caused to be made or published with intent to deceive[.]

§§ 523(a)(2)(A) and (B). The Court will address each in turn.

1. Section 523(a)(2)(A)

The first consideration under this subsection is whether there was a statement by the Defendant about his financial condition. If so, subsection (A) does not apply.

In support of her § 523(a)(2)(A) claim, Plaintiff has alleged two false representations made by Defendant. First, that Defendant stated he would marry Plaintiff if she loaned him the money. Second, that Defendant would repay the money and help take care of their children. Of course, Defendant never married Plaintiff and did not repay the money.

The Supreme Court in *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 201 L. Ed. 2d 102 (2018) recently adopted a broader interpretation of the words "other than a statement respecting the debtor's or an insider's financial condition" contained in subpart (A). It held that such statement need not be in writing and it need not be a financial statement. *Lamar*, 138 S. Ct. at 1757. An Idaho Bankruptcy Court has also addressed the meaning of "financial condition" after *Lamar*:

> "Financial condition," as used in this Code provision, refers to a debtor's overall financial status. *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1759, 201 L. Ed. 2d 102 (2018). And "respecting" means "in view of: considering; with regard or relation to: regarding; concerning." *Id.*

MEMORANDUM OF DECISION − 6

(quoting Webster's Third New International Dictionary 1934 (1976).[5] Put another way, the term "respecting" is broad; it covers not only the subject of the provision itself, but also any matters relating to that subject. *Id.* (citing *Kleppe v. New Mexico*, 426 U.S. 529, 539, 96 S. Ct. 2285, 49 L. Ed. 2d 34 (1976)).

*Lin v. Hunt (In re Hunt)*, No. AP 20-06015-JDP, 2021 WL 3669362, at *5 (Bankr. D. Idaho Aug. 18, 2021), *amended*, No. AP 20-06015-JDP, 2021 WL 3684650 (Bankr. D. Idaho Aug. 18, 2021).

Does the record before this Court evidence any representations about the Defendant's financial condition?[6] The first false representation about marriage does not appear to satisfy the requirements of § 523(a)(2)(A), but the second representation about the ability to support the children may be a closer call under *Lamar*. The Court does not need to decide this issue in this case since there are other reasons to deny Plaintiff's claim under subpart (A). Those reasons are discussed below, bearing in mind that § 523(a)(2)(A) "should not be read more broadly than necessary to effectuate policy, e.g., preventing debtors from avoiding debts incurred by fraud or other culpable conduct" and, thus, should be "construed strictly against creditors and in favor of debtors." *Fetty v. DL Carlson Enters., Inc. (In re Carlson)*, 426 B.R. 840, 854 (Bankr. D. Idaho 2010) (citing

---

[5] Other sources are in accord. *See Lamar, Archer & Cofrin, LLP*, 138 S. Ct. at 1759 (citing American Heritage Dictionary 1107 (1969) ("[i]n relation to; concerning"); Random House Dictionary of the English Language 1221 (1966) ("regarding; concerning"); Webster's New Twentieth Century Dictionary 1542 (2d ed. 1967) ("concerning; about; regarding; in regard to; relating to")).

[6] Section 523(a)(2)(A) is only applicable if the statement was one not respecting the debtor's financial condition, while in contrast, § 523(a)(2)(B) applies only to statements respecting the debtor's financial condition.

MEMORANDUM OF DECISION − 7

*Ghomeshi v. Sabban (In re Sabban)*, 384 B.R. 1, 5–6 (9th Cir. BAP 2008)).

Under § 523(a)(2)(A), Plaintiff must demonstrate by a preponderance of the evidence:

> (1) Defendant made false representations to Plaintiff;
> (2) that at the time he knew were false;
> (3) that they were made with the intent to deceive Plaintiff;
> (4) that Plaintiff justifiably relied on such representations; and
> (5) that Plaintiff sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Lin v. Hunt (In re Hunt)*, No. AP 20-06015-JDP, 2020 WL 6821784, at *3 (Bankr. D. Idaho Nov. 10, 2020) (citing *Ghomeshi*, 600 F.3d at 1222 and *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)). Importantly, the representation need not be in writing and must be one that does not concern the debtor's financial condition.

*A. Knowledge and Intent*

While knowledge and intent are separate elements, many courts discuss these elements together because of their significant overlap. Plaintiff can satisfy the knowledge element by showing Defendant had actual knowledge of the falsity of the representation or a reckless disregard for its truth. *Gertsch v. Johnson & Johnson (In re Gertsch)*, 237 B.R. 160, 167 (9th Cir. BAP 1999). With respect to the element of intent, the intent to deceive is a question of fact that may be inferred from circumstantial evidence. *Welch v. Laraway (In re Laraway)*, No. 09-01831-TLM, 2010 WL 3703272, at *7 (Bankr. D. Idaho Sept. 13, 2010) (citing *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997)). In other words, because direct evidence of intent to deceive is rarely

MEMORANDUM OF DECISION − 8

available, the debtor's intent to deceive may be inferred from the totality of the circumstances and circumstantial evidence. *Lin,* 2020 WL 6821784, at *3; see also *Fetty*, 426 B.R. at 854.

The Court finds that Plaintiff has not satisfied her burden with respect to either of these elements. The Parties had two children together. They also had purchased a home together, with both Parties contributing substantial sums of money or work into the home. Moreover, Plaintiff had previously loaned money to Defendant without any promise of marriage in exchange for the funds. While Defendant was decidedly lackluster in his role as a father and provider, the record does not contain sufficient evidence that Defendant knew his representations were false at the time he made them, nor that he intended for those representations to mislead Plaintiff. Simply put, Plaintiff has not proven that Defendant did not intend to fulfill the promises when he made them. For these reasons, Plaintiff's § 523(a)(2)(A) claim will be denied.

### B. *Justifiable Reliance*

Even though Plaintiff has not met her burden with respect to knowledge and intent, the Court will nonetheless address this element. The Court must determine if Plaintiff justifiably relied upon Defendant's misrepresentations. *Fetty*, 426 B.R. at 855 (citing *Field v. Mans*, 516 U.S. 59, 74–75, 116 S. Ct. 437, 446, 133 L. Ed. 2d 351 (1995) (§ 523(a)(2)(A) requires justifiable reliance as opposed to reasonable reliance)). Justifiable reliance looks to the "qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a

MEMORANDUM OF DECISION − 9

community standard of conduct to all cases." *Field*, 516 U.S. at 71, 116 S. Ct. at 444, 133 L. Ed. 2d 351. The Court concludes that Plaintiff has not satisfied her burden by a preponderance of the evidence with respect to this element. Plaintiff had already loaned Defendant money which had not been paid back. Defendant was clearly unreliable when it came to money, as he avoided paying child support to the point that Plaintiff had to forgive or write-off the sums owed to prevent Defendant from being pursued by the State of Idaho for the child support. Defendant did not help with their children while they were together, financially and otherwise. Unfortunately, Plaintiff's generosity is her hamartia. She knew Defendant was unreliable and untrustworthy, and loaned the money nonetheless. For these reasons, the Court finds that Plaintiff has not proven this element by a preponderance of the evidence. *See Turner v. Bryant (In re Bryant)*, No. 96-01971-BKC-3P7, 1997 WL 375692, at *6 (Bankr. M.D. Fla. Apr. 30, 1997) (holding that there was not justifiable reliance where plaintiff loaned money in exchange of or based on promises of marriage where the plaintiff willingly engaged in an intimate, personal relationship with the defendant and had been warned by friends and family members not to loan the money).

    C.  *Conclusion on Plaintiff's § 523(a)(2)(A) Claim*

Plaintiff has not met her burden by a preponderance of the evidence that Defendant knew his representations were false, nor has she proven that Defendant intended to defraud Plaintiff. She also failed to prove that she justifiably relied upon Defendant's representations. Because Plaintiff has failed to prove these elements, her

MEMORANDUM OF DECISION − 10

§ 523(a)(2)(A) claim will be denied.[7]

2. Section 523(a)(2)(B)

Plaintiff next argues that the debt owed to her is nondischargeable under § 523(a)(2)(B), which provides that an individual may not discharge a debt to the extent a loan was obtained by:

> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive[.]

§ 523(a)(2)(B). The Ninth Circuit has restated these elements as follows:

> (1) Plaintiffs provided money, property, services or credit to Defendants based on a written representation of fact by Defendant concerning his financial condition; (2) the representation was materially false; (3) Defendant knew the representation was false when made; (4) Defendant made the representation with the intention of deceiving the Plaintiff; (5) Plaintiff relied on the representation; (6) Plaintiff's reliance was reasonable; and (7) damage proximately resulted to Plaintiff.

*Gertsch*, 237 B.R. at 167 (citing *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996)). Like § 523(a)(2)(A), Plaintiff must prove each element by a preponderance of the evidence.

---

[7] The Court notes that the parties introduced written exhibits and testimony about what occurred in the State Court Suit surrounding the Rexburg house including the possession, receiver, sale and decisions other than the judgment and amended judgment. All of these pleadings, affidavits, and orders were dated after the Plaintiff loaned money to the Defendant and thus are not particularly relevant to whether the Defendant intentionally induced Plaintiff to make the loans and extend her credit. Also, the stipulation that was filed to support the entry of the original monetary judgment settled all additional claims or damages sought by the Plaintiff regarding the Rexburg house.

MEMORANDUM OF DECISION − 11

The Ninth Circuit Bankruptcy Appellate Panel has observed that, at bottom, the elements for § 523(a)(2)(B) are the same as the elements for § 523(a)(2)(A), with the primary exception being that the fraudulent representations were made in writing with respect to the debtor's financial condition. *Siriani v. Northwestern Nat. Ins. Co. (In re Siriani)*, 967 F.2d 302, 304 (9th Cir. 1992). Section 523(a)(2)(B) requires reasonable reliance by the creditor on the misrepresentation, in contrast with the somewhat lower "justifiable reliance" standard applicable to § 523(a)(2)(A). *Field*, 516 U.S. at 74–75, 116 S. Ct. at 446, 133 L. Ed. 2d 351.

*A. Written Misrepresentation of Fact by Defendant Concerning his Financial Condition*

To prevail on her § 523(a)(2)(B) claim, Plaintiff must first prove that there is a written misrepresentation of material fact concerning the Defendant's financial condition. In support of her claim, Plaintiff's Complaint states that "Defendant entered into a written agreement to take a judgment for $34,077 which he never intended to pay." Plaintiff's Complaint, Doc. No. 1, ¶ 11. While it is not entirely clear to the Court which written agreement Plaintiff relies upon, it appears she refers to the Stipulation for Judgment, admitted into the record as Ex. 103. That stipulation, signed by Defendant, is a stipulation between the parties that judgment would be entered in the amount of $27,500.[8] The threshold question is whether the writing contains any misrepresentation of fact

---

[8] That Judgment was renewed in 2019 for $34,077, the higher amount due to accrued interest and not additional damages.

MEMORANDUM OF DECISION − 12

whatsoever.

In whole, the Stipulation for Judgment states:

COMES NOW the plaintiff, by and through her counsel of record, and the defendant, by and through his counsel, and hereby stipulate and agree to the entry of judgment as follows:

1. That Judgment shall be entered for the Plaintiff and against the Defendant for the amount of TWENTY SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($27,500.00) TO THE plaintiff for monies owed to her.
2. All claims in this lawsuit are resolved and included in the Judgement and each side is to pay their own attorneys fees and costs.
3. Plaintiff and Defendant stipulate and agree that the $27,500.00 is the true and correct amount owed to Plaintiff with no offset or credit being given to Defendant as it pertains to this matter.

Ex. 103. As stated above, the term "financial condition" refers to a debtor's overall financial status, and the term "respecting" is broad, covering not only the subject of the provision itself, but also any matters relating to that subject. *Lamar,* 138 S. Ct. at 1759, 201 L. Ed. 2d 102. Even under this expansive definition, however, there is no statement of fact in the Stipulation for Judgment that has anything to do with Defendant's financial condition. Further, as stated above, it did not induce the Plaintiff to lend money but, rather, it settled all remaining claims related to money that had been advanced by Plaintiff before 2015. As such, Plaintiff has failed to prove this requirement by a preponderance of the evidence, and her § 523(a)(2)(B) claim necessarily fails.

B.  *Material Falsity*

Although Plaintiff is required to prove all elements to prevail on her § 523(a)(2)(B) claim, and has failed to prove the first element, the Court will nonetheless

MEMORANDUM OF DECISION − 13

address the materiality of the misrepresentation.

Assuming there was a misrepresentation of fact in the Stipulation for Judgment, the Court does not find that any such representation was material. Numerous courts have wrestled with the issue of what constitutes a "material" falsity for purposes § 523(a)(2)(B). While its decision involved a debtor's formal financial statement submitted to a bank, the Ninth Circuit BAP's comments in *Wirkkala v. First Mutual Bank (In re Wirkkala)*, No. ADV.05-01081-KAO, 2006 WL 6811038, at *7 (9th Cir. BAP July 12, 2006), are instructive about material falsity. In *Wirkkala*, the BAP stated, "A financial statement that leaves any discrepancy between the overall impression left by the statement and the endorser's true financial status gives rise to a material falsehood for purposes of § 523(a)(2)(B)." *Id.* While there is no common shared definition amongst courts who have wrestled with this issue, it is clear that merely proving a statement is factually incorrect is insufficient. Rather, courts have found a materially false statement to be one which "paints a substantially untruthful picture of a financial condition by misrepresenting information of the type which would normally effect the decision to grant credit." *First Interstate Bank v. Greene (In re Greene)*, 96 B.R. 279, 283 (9th Cir. BAP 1989) (quoting *Borg Warner Cent. Env't Sys. v. Nance (In re Nance)*, 70 B.R. 318, 321 (Bankr. N.D. Tex. 1987)). The Supreme Court has stated that § 523(a)(2)(B) applies where the debt at issue "follows a transfer or extension [of credit] induced by a materially false and intentionally deceptive written statement of financial condition upon which the creditor reasonably relied." *Wirkkala*, 2006 WL 6811038, at *7 (quoting *Field*, 516 U.S.

MEMORANDUM OF DECISION − 14

at 66, 116 S. Ct. at 441, 133 L. Ed. 2d 351.) In other words, at bottom, statements are material if they affect the creditor's decision to grant or extend credit. *Lin*, 2021 WL 3669362, at *5 ("[I]f a debtor's representations in a writing given to a creditor to obtain credit, were they known by the creditor to be untrue would cause the creditor to reconsider its decision, the statements are materially false.").

The Stipulation for Judgment as written simply does not constitute a transfer or extension induced by a materially false and intentionally deceptive written representation of Defendant's financial condition. That document, signed by Defendant, acknowledges that Defendant owes Plaintiff $27,500 and that Defendant received no offset or credit whatsoever. The Stipulation for Judgment simply states that all claims are resolved in the case, and Defendant owes Plaintiff said amount. In other words, there are no false representations that, had they been known to Plaintiff, caused her to reconsider her position to enter into the Stipulation for Judgment. It cannot be said, accordingly, that any representations in the Stipulation for Judgment were material. Thus, Plaintiff has failed to establish this element, and her § 523(a)(2)(B) claim necessarily fails.

*C. Conclusion on Plaintiff's 523(a)(2)(B) Claim*

Plaintiff has failed to establish several key elements necessary to prevail on this claim. First, Plaintiff failed to prove the existence of any written statement concerning Defendant's financial condition. Second, Plaintiff failed to establish that any of the representations upon which she relies are material. The Court, therefore, will not consider the remaining elements, and Plaintiff's § 523(a)(2)(B) claim will be denied.

MEMORANDUM OF DECISION − 15

*Conclusion*

With respect to Plaintiff's § 523(a)(2)(A) claim, she has failed to prove by a preponderance of the evidence that Defendant knew the representations were false, that he acted intentionally to defraud her, and that she justifiably relied upon his representations. With respect to the § 523(a)(2)(B) claim, Plaintiff has failed to prove that the Stipulated Judgment is a writing concerning Defendant's financial condition and that any representations therein were material. Accordingly, the Court finds in favor of Defendant on Counts I and II.

A separate judgment will be entered.

DATED: August 12, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 16